1   Mark A. Nadeau (Bar No. 011280)
    mark.nadeau@dlapiper.com
2   Laura Sixkiller (Bar No. 022014)
    laura.sixkiller@dlapiper.com
3   DLA PIPER LLP (US)
    2525 East Camelback Road, Suite 1000
4   Phoenix, AZ  85016-4232
    Tel:  480.606.5100
5   Fax:  480.606.5101

6   *Attorneys for Defendants Inventure Foods Inc.,
    Terry McDaniel, and Steve Weinberger*

7

8   UNITED STATES DISTRICT COURT

9   DISTRICT OF ARIZONA

10

| | |
|---|---|
| WESTMORELAND COUNTY EMPLOYEE RETIREMENT FUND, a public pension fund, individually and on behalf of all others similarly situated, | CASE NO. _____ |
| Plaintiff, | (Formerly Maricopa County Superior Court Case No. CV2016-002718) |
| v. | **NOTICE OF REMOVAL** |
| INVENTURE FOODS INC., a foreign corporation, TERRY MCDANIEL, individual, STEVE WEINBERGER, individual, CAPITAL FOODS, LLC, a foreign limited liability company, WILLIAM BLAIR & COMPANY, L.L.C., a foreign limited liability company, CANACCORD GENUITY, a foreign corporation, and ROTH CAPITAL PARTNERS, a foreign partnership, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and upon the grounds for removal set forth in this notice, Defendants Inventure Foods Inc. ("Inventure"), Terry McDaniel, and Steve Weinberger (collectively, the "Removing Defendants") specially appearing solely for the purpose of submitting this notice of removal and preserving and not waiving any defenses they may have, hereby remove the entire above-captioned putative class action, and all claims and causes of action therein,

filed by plaintiff Westmoreland County Employee Retirement Fund ("Plaintiff"), from the Superior Court of the State of Arizona, Maricopa County, CV2016-002718 (the "State Court Action"), to the United States District Court for the District of Arizona ("Arizona District Court"). In support of this Notice, the Removing Defendants state:

## THE REMOVED ACTION

1. On April 4, 2016, Plaintiff commenced the State Court Action, styled as *Westmoreland County Employee Retirement Fund v. Inventure Foods Inc., et al.*, CV2016-002718, with the filing of a complaint asserting various federal securities claims against Inventure, as well as William Blair & Company, L.L.C. ("William Blair"), Canaccord Genuity Inc. ("Canaccord") and Roth Capital Partners, LLC ("Roth"), Inventure officers Terry McDaniel and Steve Weinberger, and former Inventure investor Capital Foods, LLC ("Capital Foods").

2. Also on April 4, Plaintiff filed a notice of demand for jury trial, civil cover sheet, and a certificate of compulsory arbitration.

3. On April 6, 2016, Plaintiff filed in the State Court Action a notice of errata regarding the complaint and filing of a corrected complaint, along with an amended certificate of compulsory arbitration.

4. On April 11, 2016, Plaintiff filed an amended version of its complaint, although it was not titled as such by Plaintiff.

5. On April 12, 2016, Plaintiff served the amended complaint on Inventure.

6. On April 15, 2016, Mr. McDaniel and Mr. Weinberger were served with the amended complaint.

7. On April 26, 2016, Plaintiff filed affidavits of service concerning its service of process on Inventure, Mr. Weinberger and Mr. McDaniel.

8. On April 27, 2016, Plaintiff served the amended complaint on Roth.

9. On April 28, 2016, Plaintiff served the amended complaint on William Blair.

10. To Inventure's knowledge, as of the date of this notice, Plaintiff has not yet served Canaccord or Capital Foods. Nor has Plaintiff filed any affidavits of service reflecting such service in the State Court Action.

11. On April 25, 2016, Plaintiff filed a motion for admission *pro hac vice* seeking the *pro hac vice* admission of attorney Kimberly M. Donaldson Smith. The court in the State Court Action granted the motion on April 28, 2016.

12. On April 29, 2016, Plaintiff filed another motion for admission *pro hac vice*, this time seeking the *pro hac vice* admission of attorney Christina Donato Saler. The Maricopa County Superior Court has not yet ruled upon this motion. This is the only pending motion in the State Court Action as of the date of this notice.

13. No Defendant has pled, answered, or otherwise appeared in the State Court Action.

## **BASIS FOR FEDERAL COURT JURISDICTION**

14. The State Court Action constitutes a removable civil action under 28 U.S.C. § 1441 because Plaintiff's claims are all federal question claims. As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

15. The Arizona District Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States. The State Court Action is a putative nationwide class action, brought in connection with securities listed on the NASDAQ Global Select Market and alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act" or the "1933 Act"). 15 U.S.C. §§ 77k, 77l & 77o. Section 22(a) of the Securities Act provides that the "district courts of the United States" shall have jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created" by the Securities Act. 15 U.S.C. § 77v(a).

16. Conversely, state courts do not have subject matter jurisdiction over putative class action Securities Act claims of the type at issue in the State Court Action. In 1998, Congress, as part of its efforts to ensure that the federal courts would be the exclusive forum for litigation of securities class action claims, amended the Securities Act through the Securities Litigation Uniform Standards Act ("SLUSA"). In enacting SLUSA, Congress intended to make "Federal court the *exclusive venue* for most securities class action lawsuits." H.R. Rep. No. 105-803, at 13 (1998) (Conf. Rep.) (emphasis added). To accomplish that goal, SLUSA expressly divested state courts—which generally have jurisdiction concurrent with federal courts of Securities Act claims—of all jurisdiction over "covered class actions" brought under the Securities Act. *See* 15 U.S.C. § 77v(a).

17. Specifically, Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)) provides that "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . and, concurrent with State and Territorial courts, *except as provided in section 77p of this title [i.e., Section 16 of the Securities Act] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act]." (Emphasis added.) In relevant part, Section 16(f) defines a "covered class action" as one "in which damages are sought on behalf of more than 50 persons," or "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated," and "questions of law or fact common to those persons or members of the prospective class . . . predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A)(i).

18. In the amended complaint, Plaintiff 1) seeks damages individually and on behalf of all "other members of the Class;" 2) specifically pleads that "Plaintiff believes that there are thousands of members in the proposed Class;" 3) alleges that "Plaintiff's claims are typical of the claims of the members of the Class;" 4) expressly pleads that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class;" and 5) asks to be

-4-

named as "Class representative." (Amend. Compl. ¶¶ 68, 69, 71, and Prayer for Relief.)

19. This case, therefore, is a covered class action brought to enforce a liability or duty covered by the Securities Act. Pursuant to Section 22(a), federal courts have exclusive jurisdiction over it. *See Lapin v. Facebook, Inc.,* No. C-12- 3195, 2012 WL 3647409, at *1-3 (N.D. Cal. Aug. 23, 2012); *Hung v. Idreamsky Tech. Ltd.*, No. 15-CV-2514, 2016 WL 299034, at *1-4 (S.D.N.Y. Jan. 25, 2016); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009) (all holding removal of covered class action appropriate).

20. As the *Knox* Court articulated, "[t]he exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them." 613 F. Supp. 2d at 425; *accord Hung*, 2016 WL 299034, at *1-2; *Wunsch v. Am. Realty Capital Props.*, No. 14-4007, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015) (agreeing with Knox); *Lapin*, 2012 WL 3647409, at *2 (same); *Pinto v. Vonage Holdings Corp.*, No. 07-0062, 2007 WL 1381746, at *2 (D.N.J. May 7, 2007) (holding that Section 22(a) of the Securities Act "divest[s] state courts of concurrent jurisdiction over covered class actions").

21. Although Section 22(a) also contains a bar to removal of cases arising under the Securities Act, this prohibition expressly does not apply to the removal of "covered class actions"—i.e., the State Court Action. More specifically, the Section 22(a) removal bar states that, "[e]xcept as provided in section [16(c)] of [the Securities Act], no case arising under [the Securities Act] and brought ***in any State court of competent jurisdiction*** shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). Because SLUSA's jurisdictional amendment divested state courts like the Maricopa County Superior Court of concurrent jurisdiction over "covered class actions" raising Securities Act claims, the Maricopa County Superior Court and other state courts are not "courts of competent jurisdiction" for Securities Act "covered class actions." *See, e.g., Hung*, 2016 WL 299034, at *4 ("Because the [state] court is not a

court of competent jurisdiction under § 77v(a), the bar on removal does not apply, and the case is removable"); *In re Fannie Mae 2008 Secs. Litig.*, No. 08-7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) (same); *Lapin*, 2012 WL 3647409, at *3 ("[T]he effect of the above- referenced amendments is that the non-removal provision in § 77v(a) . . . no longer applies to a 'covered class action' alleging claims under the 1933 Act, and, consequently, a class action brought under the 1933 Act is removable pursuant to 28 U.S.C. § 1441(a)."). Accordingly, Section 22(a)'s removal bar is inapplicable here.[1]

## COMPLIANCE WITH REMOVAL REQUIREMENTS

22. This notice is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within 30 days of April 12, 2016, which is the date Inventure was served with the amended complaint. Mr. Weinberger and Mr. McDaniel were served April 15, 2016.

23. The Removing Defendants may remove the State Court Action under 28 U.S.C. § 1441(a) because the State Court Action was brought in Maricopa County, Arizona.

24. In accordance with 28 U.S.C. § 1446(d) and LRCiv. 3.6(a), the Removing Defendants are filing a copy of this notice of removal with the Clerk of the Maricopa County Superior Court contemporaneously with the filing of this notice with the Arizona District Court. The Removing Defendants will also provide written notice to counsel of record for Plaintiff of both this filing as well as the notice of removal to federal court

---

[1] Plaintiff attempts to evade removal by citing a line of non-controlling California state and federal court cases in its amended complaint that are inapplicable here. (Amend. Compl., ¶ 12). Neither the Arizona District Court, nor the Ninth Circuit Court of Appeals has addressed the issue of removability in light of the SLUSA jurisdictional amendment. While Plaintiff cites *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), its reliance is misplaced. (Amend. Compl., ¶ 12.) That case did not involve "covered securities" and did not address SLUSA. Rather, the question there focused on the propriety of removal under the Class Action Fairness Act. And while a number of federal district court cases outside of Arizona hold claims under the Securities Act are not removable, *see, e.g., Plymouth Cty. Ret. Sys. v. Model N, Inc*., No. 14-CV-04516, 2015 WL 65110, at *3 (N.D. Cal. Jan. 5, 2015), the majority view is removal is proper. *See generally* Mitchell A. Lowenthal and Shiwon Choe, *State Courts Lack Jurisdiction to Hear Securities Class Actions, But the Frequent Failure to Ask the Right Question Too Often Produces the Wrong Answer,* 17:3 U. PA. J. BUS. L. 739, 777-82 (2015) (explaining why removal is supported by precepts of federalism and SLUSA's legislative history).

1  being filed with the Clerk of the Maricopa County Superior Court.

2  25. Pursuant to 28 U.S.C. § 1446(a) and LRCiv. 3.6(b), the declaration of attorney Laura Sixkiller is attached as **Exhibit A** to this notice, verifying that copies of all pleadings and other documents previously filed in the State Court Action are appended thereto as **Exhibit A1** through **Exhibit A13**.

26. Undersigned counsel certifies, pursuant to 28 U.S.C. § 1446(b), that all Defendants consent to this removal.

27. This notice is signed pursuant to Rule 11, Fed. R. Civ. P., in accordance with 28 U.S.C. § 1446(a) and LRCiv. 3.6(a).

## **NON-WAIVER**

28. No one should interpret anything in this notice as a waiver or relinquishment of any Defendant's right to assert any defense or affirmative matter including, but not limited to, the insufficiency of process, insufficiency of service of process, failure to state a claim, or any other procedural or substantive defense otherwise available to any Defendant.

## **ADDITIONAL BRIEFING**

29. The Removing Defendants reserve the right to amend or supplement this notice.

30. Additionally, if any question arises as to the propriety of this removal, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removed.

**WHEREFORE**, the Removing Defendants give notice that the action pending in the Superior Court of Arizona in Maricopa County, CV2016-002718, is hereby removed therefrom to this Court.

Dated this 6th day of May, 2016

DLA PIPER LLP (US)

By: *s/ LAURA SIXKILLER*
    MARK A. NADEAU, Bar No. 011280
    mark.nadeau@dlapiper.com
    LAURA SIXKILLER, Bar No. 022014
    laura.sixkiller@dlapiper.com
    2525 East Camelback Road, Suite 1000
    Phoenix, AZ  85016-4232
    Telephone:  480.606.5100
    Facsimile:    480.606.5101

*Attorneys for Defendants Inventure Foods Inc., Terry McDaniel, and Steve Weinberger*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2016, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. A copy of the foregoing was also provided via email to the following parties:

| GALLAGHER & KENNEDY, P.A. | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| Patrick J. McGroder III<br>pjm@gknet.com<br>Lincoln Combs<br>lincoln.combs@gknet.com<br>Shannon L. Clark<br>slc@gknet.com<br>Paul L. Stoller<br>paul.stoller@gknet.com<br>2575 East Camelback Road<br>Phoenix, Arizona  85016-9225<br>Tel.:   602.530.8000<br>Fax:   602.530.8500 | Charlene S. Shimada<br>(*Pro Hac Vice Forthcoming*)<br>charlene.shimada@morganlewis.com<br>Lucy Wang<br>(*Pro Hac Vice Forthcoming*)<br>lucy.wang@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Tel:    415.442.1000<br>Fax:   415.442.1001 |
| CHIMICLES & TIKELLIS LLP | MITCHELL \| STEIN \| CAREY, PC |
| Kimberly M. Donaldson Smith<br>(*Pro Hac Vice*)<br>kimdonaldsonsmith@chimicles.com<br>Christina Donato Saler<br>(*Pro Hac Vice Pending*)<br>cdsaler@chimicles.com<br>361 West Lancaster Avenue<br>Haverford, Pennsylvania 19041<br>Tel.:   610.642.8500<br>Fax:   610.649.3633<br><br>*Attorneys for Plaintiff Westmoreland Employee Retirement Fund* | Lee Stein<br>Lee@mitchellsteincarey.com<br>Anne M. Chapman<br>anne@mitchellsteincarey.com<br>One Renaissance Square<br>2 North Central Avenue, Suite 1900<br>Phoenix, AZ 85004<br>Tel:    602.358.0292<br>Fax:   602.358.0291<br><br>*Attorneys for Defendants William Blair & Company, L.L.C., Canaccord Genuity Inc. and Roth Capital Partners, LLC* |

By: *s/ April Natzke*